UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RUSSELL R. JAGDEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-469-JRG-DCP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Petition for Approval of 406(b) Attorney Fee [Doc. 29], Unopposed Motion to Amend Petition for Attorney Fee [Doc. 31] and Amended Fee Petition [Doc. 31-1], as well as Second Motion to Amend Petition for Attorney Fee [Doc. 32] and Amended Fee Petition [Doc. 32-1]. The Commissioner filed a Response [Doc. 30] to Plaintiff's initial Petition [Doc. 29], in which she stated that she did not oppose the request for 406(b) Attorney Fees. The Commissioner did not file a response to Plaintiff's Unopposed Motion to Amend Petition for Attorney Fee [Doc. 31], and Plaintiff indicated in the Amended Petition [Doc. 31-1] that counsel for the Commissioner had reviewed the Amended Petition and did not object. The Commissioner did file a Response [Doc. 39] to Plaintiff's Second Motion to Amend Petition for Attorney Fee [32], requesting that the Court review the Amended Petition [Doc. 32-1] to determine whether

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

Plaintiff's request for Attorney Fees constituted a windfall and if auxiliary benefits would be best filed under a 406(a) petition. Plaintiff filed a Reply brief [Doc. 42], stating he was withdrawing his Second Motion to Amend Petition for Attorney Fees [Doc. 32] and standing on his first Unopposed Motion to Amend Petition for Attorney Fee [Doc. 31].[2]

Thus, Plaintiff requests that the Court enter an Order awarding $32,126.15 in attorney's fees under 42 U.S.C. § 406(b). For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's Petition and first Motion to Amend [Docs. 29, 31] be **GRANTED** and Plaintiff's second Motion to Amend [Doc. 32] be **DENIED as MOOT**.

I.  BACKGROUND

Plaintiff filed a Complaint with this Court on October 31, 2017, seeking judicial review of the final decision of the Commissioner denying benefits. [Doc. 1]. The parties subsequently filed competing motions for summary judgment [Docs. 17, 22], and on March 11, 2019, District Judge Phillips accepted the undersigned's report and recommendation [Doc. 24] and remanded Plaintiff's case to the Commissioner [Doc. 25].[3] Plaintiff was awarded an EAJA fee of $7,000 on June 24, 2019. [Doc. 28].

Plaintiff's Petition [Doc. 29] states that Plaintiff subsequently prevailed on remand when the ALJ issued a partially favorable decision on May 12, 2020, awarding benefits back to December 2016—in total, $84,257.60 in past-due benefits. [*Id.* at 1]. Therefore, Plaintiff

---

[2] The Court notes that the appropriate course would have been for Plaintiff to file a motion to withdraw his Second Motion to Amend Petition for Attorney Fees [Doc. 32]; however, the Court has addressed this issue in this report so no motion to withdraw need be filed.

[3] Plaintiff's case was subsequently reassigned to District Judge Reeves, and then to District Judge Greer.

originally requested $21,064 in attorney's fees [*Id.*], and the Commissioner's response [Doc. 30] stated no opposition to Plaintiff's request for attorney's fees. Plaintiff stated in his Unopposed Motion to Amend Petition for Attorney Fee [Doc. 31] that he anticipated that auxiliary benefits would be awarded in the case, and his Amended Petition [Doc. 31-1] states that an additional $44,247 in past-due benefits for his auxiliary beneficiary were awarded.

In his Amended Petition [*id.*], Plaintiff reviews the applicable background and states that the ALJ issued a partially favorable decision on May 12, 2020, awarding benefits back to December 2016. The Commissioner's Office of Central Operations calculated the benefits and awarded Plaintiff $128,504.60 in past-due benefits ($84,257.60 for main beneficiary and $44,247 for Plaintiff's auxiliary beneficiary). Therefore, in his Amended Petition [*id.*], Plaintiff seeks $32,126.15 in attorney's fees, which represents 25% of the awarded fee. Plaintiff now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests an award of attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff. [Doc. 31-1]; *see* [Doc. 31-3]. Counsel asserts that Plaintiff was awarded past-due benefits, of which $32,126.15 was withheld for payment of fees associated with the award, and that Plaintiff contracted with counsel to pay twenty-five percent of any past-due benefits received. [Doc. 31-1 at 1–2]. Counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [*Id.*]. Additionally, Plaintiff's counsel submits the final notice of award of benefits [Doc. 31-2], the fee agreement with Plaintiff [Doc. 31-3], the affidavit of Attorney Frederick J. Daley, Jr. detailing his qualifications as well as those of Attorney Meredith Marcus and their representation of Plaintiff [Doc. 31-4], and the applicable time entries [Doc. 31-5].

3

The Commissioner filed a Response [Doc. 30] to Plaintiff's original Petition stating no opposition to payment of an attorney's fee in the amount requested but noting that the Commissioner does not have a "direct financial stake" in the disbursement of funds under § 406(b). Additionally, Plaintiff's subsequent motion to amend the petition [Docs. 31] state that Plaintiff's counsel forwarded the amended fee petition draft to the Commissioner prior to filing.

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

1. The Court must have rendered a judgment favorable to the Plaintiff;

2. The Plaintiff must have been represented by counsel; and

3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A. Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which may be considered a "favorable judgment" for purposes of section 406(b). *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Additionally, after Plaintiff's case was remanded and a partially favorable decision was entered, Plaintiff received auxiliary benefits. Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement

4

between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 31-3]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

      **C.     Reasonableness of Fee Amount**

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable. [Doc. 31-1]. The Commissioner did not object to Plaintiff's original petition or to the first amended petition.

However, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of

5

benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in their representation, achieving a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued:

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

In this case, Plaintiff's counsel requests an award of $32,126.15 in attorney's fees, which amounts to 25% of the $128,504.60 in total past-due benefits. Plaintiff states that "[t]he *de facto* rate for representing Plaintiff in the civil action is $691.63 an hour for 46.45 hours." [Doc. 31-1 at 8]. Therefore, the hypothetical hourly rate would not meet the floor established in *Hayes*.[4] However, an award under § 406(b) differs from an EAJA fee award, which uses the "lodestar" concept to set a reasonable hourly rate for fees. *Rodriquez*, 865 F.2d at 743–44.

---

[4] As the Commissioner notes, "[i]n the Eastern District of Tennessee, the prevailing market rate for representing Social Security disability claimants is generally $200–$300 per hour." [Doc. 39]; *see e.g.*, Affidavit of Knoxville attorney Kenneth A. Miller submitted with Petition for Approval of 406(b) Attorney Fee at 3, *Palacios v. Comm'r of Soc. Sec.*, No. 3:20-cv-192 (E.D. Tenn. Nov. 4, 2021) (Doc. 26-1). The *de facto* rate here, $691.63 per hour, would be more than two times a high market rate of $300 per hour for representing Social Security disability claimants; thus, the hypothetical hourly rate surpasses the floor set forth in *Hayes*.

Although the hypothetical hourly rate is high in this District, the Court finds that it does not constitute a windfall in this case. *See Hall v. Colvin*, No. 3:11-cv-571, 2016 WL 792415, at *3 (E.D. Tenn. Feb. 29, 2016) (rejecting the argument that a hypothetical hourly rate of $799.23 constituted an undeserved windfall where counsel was able to obtain nearly $100,000 in past due benefits); *Johnson v. Colvin*, No. 1:12-cv-66, 2015 WL 412611, at *1–3 (E.D. Tenn. Jan. 30, 2015) (awarding an effective hourly rate of $875). Here, the Court finds that Plaintiff's case represents an unusual and extraordinary success, and Plaintiff's counsel was able to receive past-due benefits for both Plaintiff and his auxiliary beneficiary. Plaintiff's counsel represented Plaintiff for an extended period of time both before this Court and before the Social Security Administration.

Further, Plaintiff's counsel noted that in addition to the past-due benefits, "Plaintiff is currently 53 years of age and the potential award over his lifetime that Plaintiff will receive through age 67, based on his monthly payment start date of May 2020 and monthly cash benefit amount of $1,985.00, will amount to over $313,630.00 . . . ." [Doc. 31-1 at 10]. As noted in *Hall*, Plaintiff's counsel was able to obtain "potential future benefits if his disabilities leave him unable to work until retirement age" and "[o]ther courts have considered future benefits when determining the reasonableness of a requested fee." 2016 WL 792415 at *3 (collecting cases).

Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.").

In the attached declaration [Doc. 31-4], Attorney Frederick J. Daley, Jr. notes that he first represented Social Security disability benefits claimants upon the beginning of his practice of law

7

in 1973, and that he has significant experience in representing claimants in administrative hearings, in District Courts, and before the United States Court of Appeals. Attorney Daley states that he has given presentations at the National Organization of Social Security Claimant's Representatives conferences for almost thirty years, and is currently the principle of Daley Disability Law, where (in connection with Attorney Meredith Marcus), he oversees three associate attorneys as well as several independent contract brief writers practicing mainly in representing claimants in federal court remand hearings. Plaintiff includes the resumes of Attorneys Meredith Marcus and Caroline Yount (who served as a brief writer in this case). Plaintiff also notes that Attorney Marcus has been practicing Social Security law since November 2010 and has extensive experience in federal courts. *See* [*Id.*].

Lastly, Plaintiff notes the award of similar hypothetical hourly rates awarded to both Attorney Daley's firm and Attorney Marcus. [Doc. 31-1 at 8]; *see, e.g.*, *Ekornaas v. Colvin*, 2:15-cv-459-LA (E.D. Wisc. 2016) (awarding Attorney Marcus a *de facto* hourly rate of $676.30 for 39.8 hours worked); *Hurst v. Colvin*, 1:14-cv-125-LJM-DML (S.D. Ind. 2016) (awarding Attorney Marcus a *de facto* hourly rate of $668.72 for 29.86 hours worked); *Massie v. Colvin*, No. 14-cv-2888 (SRN/FLN), 2016 WL 4925782, at *2 (D. Minn. Sept. 15, 2016), *report and recommendation adopted*, 2016 WL 4925782 (D. Minn. Sept. 15, 2016) (awarding Attorney Marcus a *de facto* hourly rate of $661.83). Accordingly, the Court finds that an attorney's fee in the amount of $32,126.15 does not represent a windfall. The Court notes that Plaintiff's counsel in this case was able to obtain extremely favorable results, and therefore this case represents the unusual situation where such a high effective hourly rate would not constitute a windfall.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the

8

plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378), PL 99–80, § 3, 99 Stat. 186).

## IV. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[5] that Plaintiff's Petition for Approval of 406(b) Attorney Fees [**Doc. 29**] and Unopposed Motion to Amend Petition for Attorney Fee [**Doc. 31**] be **GRANTED**, and Plaintiff's Second Motion to Amend Petition for Attorney Fee [**Doc. 32**] be **DENIED as MOOT** and that Plaintiff's counsel be awarded $32,126.15 in attorney's fees and that, upon receipt of these fees, Plaintiff's counsel shall remit to Plaintiff the attorney's fees previously received from the Commissioner pursuant to the EAJA—$7,000.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

9